**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::
**BRETT WHEELER,**

                      **Petitioner,**

  v.                                                         **9:99-CV-2039**
                                                                       **(NPM)**

**CHRISTOPHER ARTUZ,**

                      **Respondent.**
::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PETITIONER**:

**BRETT WHEELER**
Petitioner, pro se

**Last Known Address:**
90-A-3093
Green Haven Correctional Facility
Drawer B
Stormville, NY 12582-0010

**FOR THE RESPONDENT:**

**HON. ELIOT SPITZER**                  **RISA L. VIGLUCCI, Esq.**
Office of Attorney General           Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

**NEAL P. MCCURN**
**SENIOR UNITED STATES DISTRICT JUDGE**

# ORDER

**I.**      **Background**

### A. State Court Proceedings

On April 14, 1995, petitioner, pro se Brett Wheeler was indicted by a Washington County grand jury and charged with committing the crimes of first degree attempted murder, assault in the first degree, promoting prison contraband in the first degree, and second degree assault. *See* Indictment No. I-54-95 ("Indictment"). On November 27, 1995, Wheeler pleaded guilty before Washington County Court Judge Philip A. Berke to the charge of attempted second degree murder in full satisfaction of all charges brought against Wheeler in the Indictment. *See* Transcript of Change of Plea (11/27/95) at 12, 15. On January 2, 1996, Judge Berke sentenced Wheeler as a second felony offender to a term of seven and one-half to fifteen years imprisonment on that conviction, which sentence was ordered to run consecutive to the prison term Wheeler had already been serving at the time he committed the offense which lead to the above-referenced Indictment. See Transcript of Sentencing of Brett Wheeler (1/2/96) at 6. Wheeler subsequently appealed his conviction and sentence to the New York State Supreme Court Appellate Division, Third Department. On April 23, 1998, the Appellate Division issued a decision in which it affirmed Wheeler's conviction and sentence in all respects. See People v. Wheeler, 249 A.D.2d 774 (3d Dept. 1998). The Court of Appeals subsequently denied Wheeler leave to appeal on July

20, 1998.  People v. Wheeler, No. 78804, slip op. at 1 (July 20, 1998).

### B.     This Action

Wheeler filed the present action pursuant to 28 U.S.C. § 2254 on November 4, 1999.[1]  See Petition at p. 7.  In an amended habeas petition subsequently filed by Wheeler pursuant to the directive of United States District Judge Lawrence E. Kahn (see Dkt. No. 15), Wheeler alleges that he received the ineffective assistance of counsel during the course of the criminal matter below.  See Amended Petition (Dkt. No. 16), Ground One.

By Order filed September 26, 2002, Judge Kahn directed the Office of the Attorney General for the State of New York ("Attorney General") to file a response to Wheeler's amended petition.  See Dkt. No. 20 ("September, 2002 Order").  On January 16, 2003, the Attorney General, acting on respondent's behalf, filed an answer and memorandum of law requesting dismissal of the

---

[1]   This is the date on which petitioner apparently signed his petition.  The Second Circuit has held that, due to the unique difficulties faced by incarcerated pro se litigants, a prisoner's pleading is deemed to be properly filed at the time he hands the papers to the prison authorities for transmittal to the court.  Dory v. Ryan, 999 F.2d 679, 681-82 (2d Cir.), modified on reh'g, 25 F.3d 81 (2d Cir. 1994); Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir.) (extending "prison mailbox rule" to petitions seeking writ of habeas corpus pursuant to 28 U.S.C. § 2254), cert. denied, 534 U.S. 886, 122 S.Ct. 197 (2001); Harmon v. People of State of New York, No. 97-CV-2539, 2001 WL 1590522, at *1 n.2 (E.D.N.Y. Dec. 11, 2001) (citations omitted). Covington v. City of New York, 916 F.Supp. 282, 286 (S.D.N.Y. 1996).  See Houston v. Lack, 487 U.S. 266, 270-76 (1988) (inmate's notice of appeal is deemed filed at the time of delivery to prison authorities).

amended petition.  See Dkt. Nos. 24-25.

On January 9, 2006, then-Chief United States District Judge Frederick J. Scullin, Jr. re-assigned the present action to the undersigned for disposition.  See Dkt. No. 27.

For the reasons discussed below, Wheeler's amended petition must be dismissed due to his failure to comply with a prior order of this Court by failing to advise the Clerk of the Court of petitioner's current address.

## II.   Discussion

On January 13, 2006, the order that was sent by the Clerk to Wheeler notifying him of the re-assignment of this action to the undersigned was returned to this Court marked "Return to Sender – Released."  See Dkt. No. 28.

In his September, 2002 Order, Judge Kahn, to whom this case had originally been assigned, ***specifically advised*** Wheeler that he was required to keep both the Clerk's Office for the Northern District of New York and the respondent apprised of his current address, and that his failure to do so would result in the dismissal of his action.[2]  *See* September, 2002 Order at 3.  Despite that clear and unambiguous notice to Wheeler, he has not informed this Court of his current address since his

---

[2]   That directive was in all likelihood issued in recognition of Rules 10.1(b) and 41.2(b) of the Local Rules of Practice for the Northern District of New York ("Local Rules").

4

apparent release from the custody of the Department of Correctional Services ("DOCS") in April, 2005.[3]

In discussing the requirement that parties in the Northern District keep the Clerk apprised of their current address, then-Magistrate Judge Gary L. Sharpe has sagely observed:

> Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action. See N.D.N.Y.L.R. 10(b); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, D.J.). Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions. Id. at 127 (citations omitted). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for the failure to prosecute or comply with an order of the court. See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998) (Pooler, D.J.). Consequently, the petitioner's failure to notify the court of an address change is grounds for dismissal. [Fenza,] 177 F.R.D. at 127.

Michaud v. Williams, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

For nearly eighteen months, Wheeler has failed to comply with the directive of Judge Kahn – as well as the requirements of this District's Local Rules –

---

[3] According to the web site maintained by the DOCS, on April 8, 2005, Wheeler was released from prison to parole supervision See http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (inmate name: "Wheeler, Brett").

concerning Wheeler's obligation to keep the Clerk of the Court apprised of petitioner's current address. Therefore, this Court dismisses the present action due to petitioner's failure to comply with the terms of the September, 2002 Order and Local Rules 10.1(b) and 41.2(b). See Michaud, 1999 WL 33504430, at *1; see also Faulkner, 1998 WL 278288, at *1 (citing N.D.N.Y.L.R. 41.2(b)).

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that the amended petition in this matter is **DENIED** and **DISMISSED** due to petitioner's failure to comply with the terms of the September, 2002 Order as well as Rules 10.1(b)(2) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the respondent by electronic mail and upon the petitioner by regular mail at his last known address.

Dated:    October 4, 2006
          Syracuse, NY

_____
Neal P. McCurn
Senior U.S. District Judge